Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TSUTOMU SHIMOMURA,<br><br>    Plaintiff,<br><br> v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No. 3:22-cv-455<br><br>COMPLAINT<br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132) |

## I. NATURE OF THE CASE

1.

This is an action for a determination of Plaintiff's rights to long-term disability ("LTD") benefits and to recover such benefits.

/ /

2.

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

3.

Plaintiff submitted a claim for LTD benefits under his employer's fully-insured LTD plan by reason of disability commencing August 9, 2016, resulting from symptoms of a closed head injury. Defendant wrongfully denied Plaintiff's LTD claim.

## II. JURISDICTION

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C § 1001, *et seq.*, ERISA § 502, 29 U.S.C. 1132(a)(1)(B), (a)(3) and (e)(1). Venue is proper under § 502, 29 U.S.C. § 1132(e)(2) because, *inter alia*, the plan is administered in this district and because Defendant resides or may be found in this district.

## III. PARTIES

4.

Plaintiff Tstutomu Shimomura is an adult and is a resident of Incline Village, Nevada. Plaintiff was at all times material an "employee" of Neofocal Systems, Inc. ("Neofocal"), within the meaning of ERISA § 3, 29 U.S.C. § 1002(6).

5.

Plaintiff is a "participant", as defined by ERISA § 3, 29 U.S.C. § 1002(7), in Neofocal Systems, Inc.'s long term disability coverage ("the LTD Plan"), which is fully insured by Defendant through a policy of insurance.

//

6.

Defendant Unum Life Insurance Company of America is a foreign insurance company that is licensed and authorized to sell insurance, including disability insurance, in the state of Oregon. Defendant is the "administrator" of the LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(16) and is a "fiduciary" of the LTD Plan within the meaning of ERISA § 3, 29 U.S.C. § 1002(21) and with respect to Plaintiff's LTD claim at issue in this case. Defendant also pays the fully-insured LTD benefits provided through the LTD Plan.

### IV.  FACTS

7.

Plaintiff became the chief executive officer of Neofocal, a company he founded, on or about June 1, 2003, and held the position of chief technologist for Neofocal.

8.

On or about August 9, 2016 Plaintiff suffered a closed head injury as the result of a motor vehicle accident, which resulted in post-concussive syndrome, with symptoms of, *inter alia*, cognitive impairment, disrupted sleep, hypertension and a mood disorder.

9.

On or about August 9, 2016, Plaintiff became disabled due to his disabling symptoms.

10.

On or about September 14, 2018, as a participant under the LTD Plan, Plaintiff submitted to Defendant a claim for benefits through the LTD Plan, which Defendant identified as claim number 15235663 ("Plaintiff's LTD claim").

/ /

11.

By letter dated March 26, 2019, Defendant approved Plaintiff's LTD claim under reservation of rights.

12.

By letter dated April 24, 2019, Defendant informed Plaintiff's then-counsel, "We have determined Mr. Shimomura's late filing of his claim has prejudiced us from evaluating his disability and the medical evidence provided does not provide support for disability. Because his claim was filed late and there is no support for disability, no further benefits are payable."

13.

Pursuant to ERISA, Plaintiff, through counsel, requested review of Defendant's April 24, 2019 adverse benefit decision.

14.

By letter dated October 1, 2019, Defendant issued a benefit determination on review that affirmed its adverse benefit decision.

15.

All conditions precedent to the filing of this action have been performed, were excused, or would be futile.

16.

Plaintiff is entitled to approval of his LTD claim under the terms of the LTD Plan effective March 26, 2019 and a monthly LTD benefit commencing November 7, 2016 and continuing each month thereafter so long as he remains disabled under the LTD Plan.

//

## V. CLAIMS

**First Claim – Claim For Benefits, Enforcement of Rights and Clarification of Future Benefits Rights Under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

17.

Plaintiff realleges paragraphs 1 through 16, above.

18.

Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover benefits due under the LTD Plan that Defendant wrongfully withheld commencing November 7, 2016 and enforce his rights under the terms of the LTD Plan.

**Second Claim – Claim To Enforce Terms of The LTD Plan Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

19.

Plaintiff realleges paragraphs 1 through 18, above.

20.

Pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21), because Defendant is responsible for the approval, payment, and/or denial or benefits under the terms of the LTD Plan, Defendant is a fiduciary under ERISA.

21.

ERISA imposes strict fiduciary duties upon plan fiduciaries, including Defendant. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), states in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and

beneficiaries and…in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

22.

Defendant has violated its obligations under ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a), by failing to act in accordance with the documents and instruments governing the LTD Plan and has breached its fiduciary duty to Plaintiff.

23.

As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered losses and is entitled to relief under ERISA.

24.

Plaintiff seeks recovery of all losses, including, but not limited to, relief compelling Defendant to restore to Plaintiff all losses, including interest, arising from Defendant's breaches of fiduciary duties.

25.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms. To the extent full relief is not available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(b), Plaintiff seeks equitable remedies, including, without limitation, relief from Defendant's unjust enrichment, as well as disgorgement, restitution, estoppel and surcharge arising out of Defendant's failure to administer the terms of the LTD Plan.

/ /

/ /

**Third Claim – Claim For Attorney Fees and Costs**

**Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)**

26.

Plaintiff realleges paragraphs 1 through 25, above.

27.

Plaintiff is entitled to his attorney fees and costs under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

## VI.  DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Enter judgment in favor of Plaintiff for damages in an amount to be proven at trial due to Defendant's failure to provide benefits due under the LTD Plan.

2. Enter judgment in favor of Plaintiff and against Defendant establishing Plaintiff's right to receive benefits under the LTD Plan and enforcing the terms of the LTD Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

3. Award Plaintiff his attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

4. Award such other relief as is just and proper pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

DATED: March 23, 2022

                                                    s/ Megan E. Glor  
                                                    MEGAN E. GLOR, OSB # 930178