Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, PC
707 NE Knott Street, Suite 101
Portland, OR  97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TSUTOMU SHIMOMURA,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>                    Defendant. | Case No.    3:22-cv-455-SB<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION |

## I.    INTRODUCTION

Defendant argues that the Magistrate erred in concluding (1) that Defendant did not

meet its burden of proving that it was prejudiced by Mr. Shimomura's late claim filing

(Findings & Recommendation (ECF No. 31) ("F&R") at 21-24, 25 (Sections VI (A)-(E),

(F)(2)-(4)); and (2) that Mr. Shimomura met his burden of proving by a preponderance of the

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 1 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

evidence that he was disabled according to the terms of the Plan. *Id*. at 24-30 (Section V (F)(1), (5)-(6)). Defendant's arguments are without merit and therefore should be rejected.

## II.    DISCUSSION

### A.  The Magistrate Correctly Concluded that Unum Was Not Prejudiced By Plaintiff's Late Claim Submission.

The Magistrate noted that the parties agree "that in evaluating their arguments regarding the notice-prejudice rule, the Court must look to Oregon law" and that "Oregon's 'notice-prejudice rule . . . provides that an insurer may not deny coverage due to the insured's failure to give timely notice unless the insurer can show it was prejudiced thereby.'" *Id*. at 24, 25 (citations omitted). The Magistrate also noted that the parties agree that the Court's inquiry is twofold: "(1) whether the insurer was prejudiced by the delayed notice; and (2) if the insurer was prejudiced, whether the insured acted reasonably in failing to give notice at an earlier time." *Id*. at 25 (citation omitted). Plaintiff argued, and the Magistrate correctly concluded, that "Defendant has not met its burden of demonstrating prejudice," the first inquiry (*id*. at 25), and, therefore, the Magistrate did not address the second inquiry. *See Id*. at 27.

In the first inquiry, the Magistrate rejected both of Defendant's claims of alleged prejudice as the result of Plaintiff's late claim submission:

1.    Defendant's claim "that it suffered prejudice because it was not able to conduct contemporaneous interviews (i.e., interviews on or around Plaintiff's alleged onset date of August 9, 2016) with Plaintiff or 'any witnesses.'" *Id*.

2.    Defendant's claim that it suffered prejudice because, according to its medical consultants, "testing and assessment had no diagnostic benefit more than a year out," and, therefore, there was 'no meaningful way for [Defendant] to independently assess [Plaintiff's] cognition when he claims disability began.'" *Id*. at 30 (quoting Def. Mot. for Judgment (ECF No. 17) at 27).

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 2 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

Most of Defendant's objections relate to these conclusions. *See Id.* at 21-24, 25 (Sections VI

(A)-(E), (F)(2)-(4)).

> **1. The Magistrate did not err in concluding that that Unum was not prejudiced by not the inability to conduct neurological testing prior to the fall of 2019.**

Defendant summarizes Oregon's notice-prejudice rule, and asserts:

> Unum's expert neurologist[1] determined that [i]n the context of this file, neurological testing would have been requested if the claim were timely filed. No relevant data could be obtained from an IME after the claim was filed in 2018. That opinion was relied on by Unum in the denial and is not contested.

ECF No. 35 at 21-22. Defendant argues that "there is no evidence on this record that contradicts

the opinions of Unum's medical expert that it was prejudiced by the inability to assess

Shimomura's cognition." *Id.* at 24. *See also*, ECF No. 18 at 27 (Defendant's argument that

because its medical consultants "advised that testing and assessment had no diagnostic benefit

more than a year out," Plaintiff's late claim filing had given Defendant  no meaningful way…to

independently assess [Plaintiff's] cognition when he claims disability began."). These assertions

are meritless.

The Magistrate explained that Dr. Lewis opined that PCS is a clinical diagnosis and that

neuropsychological testing is not indicated and  is contraindicated, citing medical studies. *See*

F&R at 12 ("Dr. Lewis emphasized that persistent post-concussive syndrome is 'a clinical

[diagnosis],' and 'not made by findings from neurological exam, CT scanning, or MR[Is,]' as

'none of these measures reliably assess the presence or absence of abnormal brain functioning

induced by mTBI events.'" (quoting AR 890)); 14 ("Dr. Lewis explained why Dr. Kim's

concerns about the absence of any neuropsychological testing in or around the date of the

---

[1] Presumably, the reference is to file review consultant, Dr. Crawford, since Defendant's Objections do not address the error-filled report of its other neurology consultant, in-house physician Dr. Selkirk. *See* F&R at 13, 15-19, 34, 40-41 (discussing Dr. Selkirk's report).

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 3 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

accident were unfounded"), 17 ("After noting that the United States military has 'perhaps the most experience with mTBI patients . . . because of the great number of soldiers who have suffered blast-related concussions in recent wars,' Dr. Lewis quoted supporting authority from the Departments of Defense and Veterans Affairs clinical practice guidelines (the 'VA/DoD guidelines') on the management mTBI patients, which reflect that the thirty-eight medical professionals who drafted the guidelines found 'no evidence of [the] utility in cognitive testing in mTBI management [and in fact] strongly advise[d] *against* obtaining such testing[.]' [AR 1026]"); 18 ("In support of his approach, Dr. Lewis noted that the VA/DoD guidelines likewise provide that '[t]he diagnosis of mTBI is a clinical diagnosis, relying predominantly on patient history.' ([AR 1027])"), 31-32 ("(8) a closed head injury diagnosis "may be made based on account of physical injury without imaging studies or cognitive testing';" "(9) the VA/DoD [Departments of Defense and Veterans Affairs clinical practice] guidelines reflect that there is "insufficient evidence for recommending routine . . . cognitive or neuropsychological testing for the diagnosis of mTBI compared to diagnosis based on history and physical only," and "recommend against" using such testing in routine diagnosis and care;" "(10) "CT scans and MRIs are '*usually* normal in concussed patients' and 'usually fail to detect evidence of structural brain abnormalities in mTBI.'" (citing AR 280, 888-91, 1019-33, 1081-89, 1046-49, 1097-98, 857, 1082, 1084-85, 1112; Def.'s Mot. at 28 ("agreeing that a closed head injury diagnosis need not be based on 'imaging studies or cognitive testing').").

The Magistrate correctly concluded that, in addition to ignoring the unrefuted medical authority confirming that neurocognitive testing was contraindicated, Defendant also ignored or failed to reasonably address other facts in making the erroneous assertion that it lost the opportunity to perform diagnostic testing from Plaintiff's late claim filing:

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 4 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

- **For some patients, including Plaintiff, the symptoms persist and they develop PPCS**: "(1) some mTBI patients do not recover within the typical time period;" "(2) Plaintiff's diagnosis is PPCS, the term used to describe patients who do not recover in the typical time period and exhibit persistent symptoms and deficits." F&R at 30.

- **TBIs are cumulative**: (3) Plaintiff "suffered a significant TBI in August 2006," but eventually recovered; (4) although Plaintiff recovered from his initial TBI, his 2012 brain MRI confirmed "persistent clinical sequelae of TBI following left posterior head impact [in] 2006" and "localized cortical volume loss, consistent with sequelae of prior posterior head injury"; "(5) the 'effects of [TBIs], including concussion injuries, are *cumulative*' and can leave a patient who recovered from an initial TBI 'far more vulnerable to suffering new, renewed or worse impairment(s) from any subsequent TBI, even if that second TBI is 'mild.'"; "(6) patients can be concussed by the forces imparted to the brain by sudden acceleration/ deceleration, as in a car accident in which they remain seat-belted in the vehicle and the head does not strike any solid object." "(7) Plaintiff was diagnosed with a cervical strain after being rear-ended on August 9, 2016 and subsequently reported the "new development" and "return[]" of his "old symptoms," some of which are "the most common symptoms seen in patients with PPCS" and were "persisting." *Id*. at 30-31.

"Given these facts," the Magistrate correctly concluded, "Defendant has failed to meet its burden of demonstrating prejudice." *Id*. at 32. *See Id*. at 32-34 (the further discussion).

    2.  **The Magistrate did not err in concluding that Defendant failed to prove prejudice from its inability to conduct interviews on or around the onset of disability.**

The Magistrate identified three reasons why Defendant's **interviews** argument fails.

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR 97212
503-223-7400

***First***, Defendant had significant information from the onset of Plaintiff's disability: "Although it claims prejudice due to a lack of contemporaneous interviews, Defendant's denial letters suggest that it received significant and probative contemporaneous evidence, as it placed considerable emphasis on Plaintiff's medical records from the day of the accident, the traffic accident and insurance report that Plaintiff completed the day after the accident and later submitted to the Oregon Department of Motor Vehicles ("DMV"), and Plaintiff's and Dr. Lewis's reports regarding an overseas business trip that Plaintiff took a few days after the accident." *Id*. at 27-28 (citing documents in record). *See also*, ECF No. 19 at pp. 5-8 (discussing the evidence from the period immediately after Plaintiff's accident). The Magistrate correctly concluded that Defendant had, and did not lack, detailed, probing contemporaneous accident and medical documentation.

***Second***, the Magistrate observed, Defendant failed to pursue material information that was readily available to it. "Defendant also declined Plaintiff's offer to participate in an interview and provide retrospective testimony, even though it could have sought relevant information and evaluated the consistency between Plaintiff's after-the-fact testimony and contemporaneous reports." F&R at 28 (citing records). Defendant also failed to "even attempt[] to obtain certain information from Plaintiff's employer, such as contemporaneous records or emails or post-accident records documenting changes in Plaintiff's work performance or behavior or 'cognitive abilities in 2016 and 2017.'" *Id*. (citing records). "That is significant," the Magistrate observed, "because the record suggests that relevant information was available to Defendant." *Id*. (citing records). "Defendant's failure to request such relevant information," the Magistrate concluded, "undercuts its claim of prejudice based on a lack of contemporaneous interviews." *Id*.

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 6 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

***Third,*** the Magistrate observed, "disability-related reports are 'inevitably rendered retrospectively.'" *Id.* (quoting *Witney v. United of Omaha Life Ins. Co.*, No. 2:20-cv-01273-RAJ, 2022 WL 4483179, at *10-11 (W.D. Wash. Sept. 27, 2022) and citing additional cases). The Magistrate noted that this is "especially true where, as here, it is undisputed that it could take at least several months for anyone to know if an mTBI event has resulted in symptoms that persisted beyond the typical timeframe for recovery and thus equated to persistent post-concussive syndrome or PPCS." *Id.* at 29 (citing AR 1023, 1082, 1047 (Dr. Lewis's and Dr. Crawford's reports)).

Defendant argues that this third point is "not relevant to the Court's determination that Unum was [not] prejudiced" because Plaintiff described, and Dr. Lewis recorded, disabling symptoms "as early as the first visit in September 2016." ECF 35 at 23 (Sec. D). Therefore, Defendant argues, "[t]he Magistrate's reference to a disability manifesting after the first three months is irrelevant to the disability determination here." *Id.* This misplaced argument underscores the Magistrate's first and second points: Defendant had copious material information from the onset of disability that fully supported Plaintiff's claim, but ignored and failed to reasonably consider it.

The Magistrate also correctly observed, in rejecting Defendant's argument that it was unable to investigate due to late claim filing, that Defendant's determination of the "time relevant" period was "a moving target." F&R at 35. In its claim denial letter, the Magistrate noted, Defendant asserted that "[it] 'would have likely recommended a referral for neuropsychological testing' if Plaintiff's claim 'file were reviewed **in late 2016**...,' and that a "neuropsychological IME done now/currently [i.e., April 2019]' ...'would not be able to determine [Plaintiff's] functional capacity starting from August 9, 2016 forward[.]'" *Id.* (quoting

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 7 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR 97212
503-223-7400

AR 963-644) (emphasis added) and citing *id.* at 904 ("reflecting that Dr. Kim also referenced 'file . . .review[] in 2016.'").

"By comparison," the Magistrate explained, Defendant's appeal consultant, "Dr. Crawford[,] concluded that if Plaintiff had "filed timely (**between 08/09/16-08/09/17**)," Defendant would have taken "additional actions . . . to determine [Plaintiff's] working capacity." *Id.* (emphasis added). Further, the Magistrate noted, "**Defendant and Dr. Crawford framed '8/9/16-12/10/16'** as the period they considered 'time-relevant' with respect to whether '[a] current IME'" would sufficiently address Plaintiff's PPCS restrictions and limitations as of the identified time period, even though the referral questions [to Dr. Crawford] also encompassed up to August 9, 2017 and an indeterminate time 'beyond' December 10, 2016." *Id*. at 35-36 (quoting AR 1047) (emphasis added). "More recently, in its second denial letter," the Magistrate explained, "Defendant focused on its inability to assess whether Plaintiff could perform the necessary duties of his regular occupation '**as of August 9, 2016**' or 'as of his reported date of disability,' **but did not describe what equated to 'time relevant' information**, other than noting that evidence 'after the date [Plaintiff's] claim was filed' or 'from September 14, 2018 through the present' would not be 'time relevant.'" *Id*. at 36 (quoting AR 1107-16) (emphasis added). The quoted findings confirm that the Magistrate's finding of a "moving target" was accurate.

Citing its referral questions to Dr. Crawford (AR 1046), Defendant erroneously argues that it "determined that there was one time relevant period for determining whether Shimomura proved disability through and beyond the 90-day Elimination Period," and states, "[t]hat period was August 9, 2016, when Shimomura claimed disability began, and December 10, 2016, about a month after the end of the Elimination Period." ECF No. 35 at 22.

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 8 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

The issue is not what Defendant asserted in its referral memo for Dr. Crawford's file review, but the period Dr. Crawford, the appeal consultant, applied in assessing the prejudice. As the Magistrate correctly stated, both she and Unum erroneously "framed '8/9/16-12/10/16' as the period they considered 'time-relevant' with respect to whether '[a] current IME' would sufficiently address Plaintiff's PPCS restrictions and limitations as of the identified time period." F&R at 35 (quoting AR 1047). Additionally, the Magistrate was correct that Defendant and its consultants created a moving target, from start to finish. *See Id*. at pp. 35-36. Finally, even if Defendant had not created a "moving target" regarding the "time relevant" period, that would not negate the three reasons, discussed above, that the Magistrate correctly concluded that Defendant's interviews arguments fail.

### 3. The Magistrate correctly pointed to Defendant's lack of investigation as supporting that it was not prejudiced by Plaintiff's late claim submission.

Unum argues that "[t]he Magistrate's finding describing in hypothetical terms all the information Unum might have found," had it investigated, "does not address the unrefuted fact that Unum was prejudiced by a lack of testing" (ECF No. 35 at 25 (citing F&R at 34)), and that Defendant's "decision not to ask for" "work emails and interview of Shimomura and interviews of co-workers in 2019" "does not invalidate Unum's determination that testing was necessary as part of a disability investigation." *Id*. Both arguments are addressed above. According to Dr. Lewis's well-reasoned opinion, ***which was fully supported by the unrefuted medical studies he cited***, cognitive testing was contraindicated. Additionally, Unum has failed to prove that interviews conducted in the fall of 2017 would have revealed material information that could have been obtained by interview one year later, in late 2018. Furthermore, Defendant failed to conduct interviews once it was given notice of claim, undermining its claim of prejudice. The

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

Magistrate correctly concluded, "It is not clear how telephone calls, interviews, document

acquisition, or examinations that occurred by August 9, 2017 would be 'timely,' sufficiently

'contemporaneous,' or 'time relevant' with respect to a continuous, post-August 9, 2016

disability claim due to PPCS and Plaintiff's ability to perform certain duties of his regular

occupation on and after August 9, 2016, but would not be so on or around September 14, 2018."

F&R at 34.

**B. The Magistrate Correctly Concluded That Mr. Shimomura Proved His Disability.**

**1. The Magistrate correctly concluded that Dr. Crawford did not address Dr. Lewis's opinions and the authorities upon which Dr. Lewis relied.**

Defendant asserts that the Magistrate "erred in finding Dr. Crawford did not address Dr.

Lewis's opinions and 'the authorities Dr. Lewis relied on.'" ECF No. 35 at 24 (quoting F&R at

32). There is no error. The snippet ignores the point made by the Magistrate:

> Defendant's reliance on its inability to perform testing within a few months or a
> year of Plaintiff's accident is undermined by its medical consultants' own
> observations and failure adequately to address or explain why their testing-related
> opinions differ from Dr. Lewis's and the authorities he relied on.

F&R at 32.

The Magistrate is correct. Neither Defendant nor its experts refuted the medical literature

cited by Dr. Lewis, which confirmed that cognitive testing was contraindicated, and Defendant

cites no evidence to the contrary in its Objections. *See* ECF No. 26 at 6-7 ("A scientifically

unsupported medical opinion (particularly once the assertion has been refuted) is not credited."

(citing, *inter alia*, *Masuda-Cleveland v. Life Ins. Co. of N. Am.*, 769 F. App'x 517, 518 (9th Cir.

2019) (insurer that relied upon a pathologist's report that conflicted with a prior expert's report,

and that "refused to consider any new evidence to rebut the conclusions," abused its discretion in

denying the claim (emphasis added)); *Peterson v. Continental Cas. Co.*, 116 F.Supp.2d 532, 540

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 10 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

(S.D.N.Y. 2000) (a plan administrator abuses its discretion by "uncritically accepting the opinions of its own consultants…"); *Crocco v. Xerox Corp.*, 956 F. Supp. 129, 140 (D. Conn. 1997), *aff'd in relevant part*, 137 F.3d 105, 108 (2d Cir. 1998) ("Clearly, [the plan administrator] cannot be allowed to rely solely on [its consultant's] analysis of Crocco's claim when the whole dispute revolves around the accuracy of that analysis.")).

The Magistrate made the following statement to underscore her above conclusion:

> For example, Dr. Crawford, who did not address the authorities Dr. Lewis relied on, acknowledged concerns related to cumulative injury, that some patients do not return to "baseline within three months," and that "MRI[s] of the brain in persons reporting symptoms of post-concussion syndrome are often normal." (*See* Admin. R. Ex. A at 1046-49, 1097-98.) Dr. Crawford, however, fails to explain why additional tests were necessary or why, in the absence of or need for head trauma and based on "a few weeks" of symptoms and this record, she would have "anticipated" a "referral for MRI or neurological evaluation to rule out structural causes such as delayed cerebral edema, ischemia, hydrocephalus, or subdural hematoma." (*Id.* at 1047-8.)

F&R at 32-33. The Magistrate's assertions in the above paragraph are also accurate:

- Dr. Crawford did not address the authorities cited by Dr. Lewis. *See* AR 1055-58 (7/24/19 report), 1097-98 (9/10/19 addendum).

- Dr. Crawford acknowledged concerns related to cumulative injury. *See* AR 1097 ("The concerns raised for cumulative injury are noted…").

- Dr. Crawford expressly noted that brain MRIs of PCS patients are often normal. *See* AR 1048.

- Dr. Crawford failed to explain why additional tests were necessary. *See* AR 1055-58, 1097-98.

In all respects, the Magistrate's conclusion was accurate.

### 2. The Magistrate correctly concluded that "a determination of Plaintiff's credibility is not part of the Court's de novo review."

The Magistrate noted that in oral argument that "Defendant emphasized," *inter alia*, "the absence of tests to confirm Dr. Lewis's finding that Plaintiff is credible." F&R at 37. However,

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR 97212
503-223-7400

the Magistrate concluded, "Defendant never offered Plaintiff's lack of credibility as a ground for

denying his LTD claim (*see* Admin. R. Ex. A at 962-68, 1107-16), and therefore a determination

of Plaintiff's credibility is not part of the Court's de novo review." *Id.* (citing *Collier v. Lincoln*

*Life Assur. Co. of Bos.*, 53 F.4th 1180, 1188 (9th Cir. 2022).

Defendant asserts that it "provided specific reasons in its letter upholding the denial on

appeal, and specific examples of inconsistencies that called [Plaintiff's] credibility into question"

in arguing that the Magistrate erred in concluding that Plaintiff's credibility is not at issue. ECF

No. 35 at 26. Defendant argues that whereas the insurer's claim denial letter in *Collier* "said

nothing about Collier's credibility…" and its "boilerplate statement in its final denial letter that

Collier did not meet the Plan's standard of 'disability' fell far short of providing 'specific reason

or reasons' for denying her claim…as required by ERISA" (*id.*),

> Here, Unum provided specific reasons **in its letter upholding the denial on**
> **appeal**, and specific examples of inconsistencies that called Shimomura's
> credibility into question. Shimomura's claim is based on self-reports of disabling
> symptoms caused by the accident and cognitive dysfunction and its effects on his
> work performance. **Unum's letter upholding the denial on appeal** includes a
> discussion of evidence that is not consistent with Shimomura's claim that he
> sustained a disabling head injury and that he was unable to work due to symptoms
> caused by the injury. [AR 001107-1116 – Doc. 15-11, p. 69 – Doc. 15-12, p. 7]
> Unum provided specific examples of inconsistent behavior and reports in support
> of its conclusion that the evidence was insufficient to support a finding
> Shimomura was disabled. The analysis by Unum's medical experts also discusses
> those inconsistencies. **The letter upholding the denial on appeal** is evidence
> Unum found Shimomura's self-reports lack credibility and relied on the lack of
> credibility as one reason to find the evidence was insufficient to establish
> disability.

*Id.* at 26-27 (emphasis added).

However, ERISA's mandatory "full and fair" claim review regulation, 29 CFR §

2560.503-1(g)(1), required Defendant to state in its **initial claim denial letter** "**(i)** The specific

reason or reasons for the adverse determination." *Id.* As Defendant implicitly concedes, its claim

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO MAGISTRATE'S FINDINGS AND
RECOMMENDATION - Page 12 of 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

denial letter (AR 962-68) does not raise credibility. Defendant addresses only its final denial letter in this argument. Even if Defendant had raised Plaintiff's credibility in that letter, it would have been too late, because Plaintiff did not have the opportunity to challenge such assertion in the claim review process. While *Collier* addressed new reasons for denial asserted for the first time in litigation, the principal applies here as well. *See Kay v. Hartford Life & Acc. Ins. Co.*, No. 21-55463, 2022 U.S. App. LEXIS 26381 (9th Cir. Sep. 21, 2022) ("As ERISA guarantees plan participants a statutory right to "full and fair review" of a disability claim, 29 U.S.C. §§ 1133(2), this Court has held that additional evidence is necessary "[w]hen an administrator tacks on a new reason for denying benefits **in a final decision**, thereby precluding the plan participant from responding to that rationale for denial at the administrative level." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 974 (9th Cir. 2006)" (emphasis added)). For this reason, Defendant's credibility argument is without merit.

The argument is also without merit because Defendant failed to raise the issue of Plaintiff's credibility in its final denial letter. "Credible" does not appear in the letter and Defendant did not assert that Plaintiff lacked credibility or was dishonest. AR 1107-16. As noted above, under the regulation, Defendant was required to state all bases for denial in its claim denial letter and final denial after appeal. Stating Plaintiff's reported symptoms and limitations and refuting them through consultant opinions does not satisfy that standard.

/ /

/ /

/ /

/ /

/ /

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400

### III.    CONCLUSION

For the foregoing reasons, the Magistrate did not err. Therefore, plaintiff Shimomura

respectfully requests that this Court adopt the Magistrate's findings.

Dated:  September 6, 2023.

Respectfully submitted,

s/ Megan E. Glor
Megan E. Glor, OSB #930178

Megan E. Glor, Attorneys at Law
707 NE Knott Street
Portland, OR  97212
503-223-7400