IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TSUTOMU SHIMOMURA,

        Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

        Defendant.

No. 3:22-cv-00455-SB

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge Beckerman issued a Findings and Recommendation on July 3, 2023, in which she recommends that this Court deny Defendant's motion for judgment and grant Plaintiff's corrected motion for judgment. F&R, ECF 31. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

Defendant filed timely objections to the Magistrate Judge's Findings and Recommendation. Def. Obj., ECF 35. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Judge Beckerman concluded that Plaintiff's late notice of his claim did not prejudice Defendant, and that Plaintiff met his burden to prove disability under the terms of the Plan. F&R 24-43. Defendant objects to both conclusions. Def. Obj. The Court has carefully considered Defendant's objections and reviewed the pertinent portions of the record *de novo*. The Court concludes that there is a basis to modify the Findings and Recommendation, but it does not change the outcome.

Judge Beckerman correctly concluded that Defendant did not show prejudice from Plaintiff's late notice of his claim. F&R 24-36. Defendant's investigation was less than diligent. Defendant failed to seek relevant contemporaneous evidence, failed to interview Plaintiff, and failed to seek the testing it claims was needed or adequately explain why testing or interviewing Plaintiff outside the one-year notice period would not be useful. *See Emps. Ins. of Wausau, A Mut. Co. v. Tektronix, Inc.*, 211 Or. App. 485, 500-01, 156 P.3d 105 (2007) (where insurer failed to make a diligent investigation, jury could conclude that insurer still would not have conducted a diligent investigation even with timely notice). Defendant also failed to show that the outcome might have been different if it had obtained this evidence closer to the time of the accident. *See Halsey v. Fireman's Fund Ins. Co.*, 68 Or. App. 349, 353-54, 681 P.2d 168 (1984) (finding genuine dispute over whether defendant was prejudiced by late notification of claim when it was

not notified of claim before trial but provided no evidence that it might have achieved a better result if it had been notified before trial). The Court therefore turns to whether Plaintiff has met his burden to prove disability under the terms of the Plan.

Defendant objects to Judge Beckerman's conclusion that Plaintiff met his burden to show he was disabled under the Plan's terms. Def. Obj. 24-30. In particular, Defendant objects to Judge Beckerman's statement that Defendant did not rely on Plaintiff's credibility in evaluating his claim. *Id.* at 26-30. Judge Beckerman correctly stated that the district court may only consider the rationales on which Defendant relied in denying Plaintiff's claim. F&R 4 (citing *Collier v. Lincoln Life Assurance Co. of Bos.*, 53 F.4th 1180, 1182 (9th Cir. 2022)). The plan administrator cannot adopt a new position in federal court. *Collier*, 53 F.4th at 1188. Likewise, the plan administrator cannot provide a new reason to deny a claim in its final decision without giving the claimant an opportunity to respond to that reason. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 974 (9th Cir. 2006); *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 872 (9th Cir. 2008) (if plan administrator relies on new reason in its final decision, plaintiff has the right to introduce evidence bearing on that reason before the district court).

Defendant did not rely on Plaintiff's lack of credibility in its initial denial of Plaintiff's claim. Admin. R. 962-68. However, in affirming the denial of the claim, Defendant stated that it found Plaintiff's reported symptoms inconsistent with some of his activities after the accident. Admin. R. 1108-09, 1111-12. In its decision, Defendant detailed Plaintiff's self-reported symptoms: "persistent cognitive impairment, disrupted sleep and neuropathic pain." Admin. R. 1108. Plaintiff reported limitations in "effective attention and memory, decision making, and effective interaction with colleagues or business associates." Admin. R. 1108-09. Defendant noted that after the accident, Plaintiff "was able to drive his vehicle into an adjacent parking lot

and was capable of exchanging insurance information." Admin. R. 1109. Defendant stated that Plaintiff "provided a detailed account for the accident report" and followed up with his rental car agency. Admin. R. 1111. Defendant stated, "Our physician found this level of activity to be consistent with preserved consciousness, anterograde and retrograde memory, problem-solving and visuospatial skills." Admin. R. 1111. Defendant also pointed out that Plaintiff went on a trip to Hong Kong shortly after the accident and deemed this activity "inconsistent with impairing symptoms following his accident." Admin. R. 1112. Although the word "credible" was not used, it is apparent that Defendant's conclusion that Plaintiff's activities were inconsistent with his reported symptoms is a credibility determination.

Plaintiff received the opportunity to be heard on the issue of his credibility. Before affirming its denial of the claim, Defendant informed Plaintiff that it considered new information or a new rationale in denying the claim, and gave him an opportunity to respond. Admin. R. 1060. The new evidence was Dr. Crawford's opinion. Admin. R. 1046-49. In her opinion, Dr. Crawford relied on Plaintiff's activities after the accident and his travel abroad. Admin. R. 1048. Plaintiff submitted a letter from Dr. Lewis responding to Dr. Crawford's opinion. Admin. R. 1080-89. Dr. Lewis rebutted Dr. Crawford's assertion that Plaintiff's activities after the accident undermined his account of his symptoms, stating that "serious concussions do not always (or even usually) result in a loss of consciousness" and that the traffic incident report form was relatively simple. Admin. R. 1082-83. Dr. Lewis stated that Plaintiff reported that during his trip to Hong Kong, he felt "scattered" and left most of the business discussion to others. Admin. R. 1083. Plaintiff had, and availed himself of, the opportunity to defend his credibility.

Defendant's conclusion that Plaintiff was not disabled under the Plan's terms because he was able to pull his car over after the accident and fill out an accident report form was not

4 - ORDER

reasonable. The form was primarily a checkbox form, accompanied by a simple narrative of the accident. Admin. R. 294-97. Plaintiff's ability to fill out basic forms or pull over his vehicle does not undermine his claim that he was disabled from serving in the role of CEO of a semiconductor company, a job with far more demanding requirements. *See Teicher v. Regence Health & Life Ins. Co.*, 562 F. Supp. 2d 1128, 1140 (D. Or. 2008) (plaintiff's ability to read and write despite brain injury did not mean he could continue to work as an attorney). Likewise, Plaintiff's travel abroad does not undermine his reported limitations in his ability to make decisions or interact effectively with business associates. He reported to Dr. Lewis that he felt "scattered" during the trip and left most of the business discussion to others. Admin. R. 1083. Defendant did not interview Plaintiff about his travel abroad, and there is nothing in the record to rebut this accounting of Plaintiff's trip. The evidence tends to support Dr. Lewis's assessment of Plaintiff as a man who enjoyed his job and did not want to stop working, even as he suffered symptoms from his brain injury.

Other than the assessment of credibility, the Court agrees with Judge Beckerman's analysis. In choosing not to have any of its physicians personally examine Plaintiff, Defendant "rejected its opportunity to see if there was another side." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011). Dr. Lewis's account of Plaintiff's symptoms and limitations, when credited, shows that Plaintiff was limited from performing the material and substantial duties of his occupation as a CEO due to his brain injury. Plaintiff met his burden to show he was disabled under the Plan's terms. Finally, the Court agrees with Judge Beckerman that a remand is not necessary. F&R 41-43.

//

//

## CONCLUSION

The Court adopts Magistrate Judge Beckerman's Findings and Recommendation [31] as modified herein. Therefore, Defendant's Motion for Judgment on the Record [17] is DENIED and Plaintiff's Corrected Motion for Judgment [19] is GRANTED. Plaintiff is to submit a proposed judgment to the Court within 30 days.

IT IS SO ORDERED.

DATED: __October 18, 2023__.

                                              */s/ Marco Hernández*
                                           MARCO A. HERNÁNDEZ
                                           United States District Judge